Filed 7/16/13  P. v. Moreno CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B245776 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA097708) |
| v. | |
| JOSE GARCIA MORENO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven D. Blades, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Jose Garcia Moreno entered a no contest plea to committing a lewd and lascivious act on a child under the age of 14 in violation of Penal Code section 288.[1]  Under the terms of the plea agreement, defendant would receive a suspended sentence of eight years in state prison, with probation for five years, contingent on defendant receiving a favorable psychological evaluation report under section 288.1.[2]  If the section 288.1 report was unfavorable, defendant would receive the low term of three years in state prison.  Two remaining charges were to be dismissed pursuant to the plea agreement.

Armando de Armas, Ph.D., prepared the section 288.1 report for the trial court. He concluded defendant presented a moderate to high risk of recidivism.  Dr. de Armas based his conclusion on defendant's insistence that he had no psychological problems and no need for treatment, although he was willing to participate in court-ordered treatment. Defendant displayed no symptoms of a mental disorder.  The allegation that defendant forced the child victim to watch pornography, and the presence of pornography in the home, was also of concern to the doctor.  Finally, Dr. de Armas relied on defendant's statement that he had no opinion as to how a child sexual assault victim could be harmed.

The prosecutor argued for imposition of a three-year prison sentence.  Defense counsel advocated for probation.  The trial court was unwilling to take a chance on probation based on the assessment of the likelihood of recidivism.  The court denied defense counsel's request to obtain a second section 288.1 report.  Based on the report, the court found defendant ineligible for probation.  Defendant was sentenced to state prison for the low term of three years.  The two remaining counts were dismissed.

---

[1]  All statutory references are to the Penal Code.

[2]  Section 288.1 provides as follows:  "Any person convicted of committing any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years shall not have his or her sentence suspended until the court obtains a report from a reputable psychiatrist, from a reputable psychologist who meets the standards set forth in Section 1027, as to the mental condition of that person."

Defendant filed a timely notice of appeal from the sentence imposed after his no contest plea. This court appointed counsel on appeal for defendant. On May 6, 2012, appointed counsel filed a brief raising no issues but requesting this court to independently review the record for arguable contentions under *People v. Wende* (1979) 25 Cal.3d 436. This court notified defendant by letter dated May 7, 2013, of his right to file a supplemental brief within 30 days. No supplemental brief has been received.

We have completed our independent review of the record and find no arguable contentions. Defendant's plea was lawfully entered on terms favorable to defendant. The section 288.1 report supports the trial court's determination that probation was inappropriate in this case. The court did not abuse its discretion in denying the request for a second section 288.1 report. The three-year state prison sentence was consistent with the case settlement agreement.

The judgment is affirmed. (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.


We concur:


TURNER, P. J.


MOSK, J.


3